[Crim. No. 117.   Second Appellate District.—May 5, 1909.]

## THE PEOPLE, Respondent, v. JULIAN WIELAND, Appellant.

CRIMINAL LAW—BURGLARY—STOLEN JEWELRY—SUPPORT OF VERDICT.—*Held,* upon a review of the evidence upon appeal from a judgment of conviction of the appellant for burglary in the first degree, in connection with which he took and carried away stolen jewelry, that it was shown that the defendant was identified as the person who committed the burglary, that the articles of jewelry taken by him were identified beyond question as property taken from the house burglarized, and that the evidence leaves no possible doubt of the guilt of the defendant, which does not rest upon evidence of guilty possession alone, and that the verdict of guilty is fully supported.

ID.—TESTIMONY OF ARRESTING OFFICER—POSSESSION OF BURGLARIZED PROPERTY.—The testimony of the arresting officer that when he arrested the defendant he had the stolen articles on him, and as to declarations made by the defendant to the arresting officer, was properly admitted.

ID.—EVIDENCE—PIPE TAKEN FROM ANOTHER HOUSE WHERE DEFENDANT WAS IDENTIFIED—OBJECTION NOT SPECIFIC.—Testimony as to the finding upon the defendant a pipe taken from another house the same evening, where defendant was fully identified, was proper, where the identification of the pipe was part of the identification of the defendant, and where the only objection related to its admissibility, and did not cover the specific objection that it tended to prove an independent offense.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. W. H. Jamison, Judge.

The facts are stated in the opinion of the court.

Edward Judson Brown, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy, Attorney General, for Respondent.

TAGGART, J.—Defendant was informed against for the crime of burglary, and upon a verdict of guilty in the first degree was sentenced to imprisonment in the state prison for

five years. He appeals from the judgment and an order denying his motion for a new trial, and assigns as grounds for a reversal of the judgment: (1) That the verdict is not supported by the evidence; and (2) the refusal of the trial court to strike out certain testimony of the arresting officer.

The evidence discloses that the complaining witness and his wife left their home on the afternoon of July 10, 1908, about 4 o'clock P. M., to remain away over night, and the servants of the household left the house between 6 and 7 P. M. and retired to adjacent houses on the same premises for the night. The next morning the screen of a window usually kept closed was found up and the window open and there was evidence of the house having been entered; burned matches were strewn about the floor, two bureau drawers were open, and several articles of jewelry missing. The same night, at about quarter to 8 o'clock, a lady living at a house some four or five blocks from the house above mentioned heard a noise at her window and, lifting the curtain, saw the defendant standing outside and asked him "what he wanted," but received no response. An officer was notified, and about half-past 8 o'clock returned with the defendant, who was identified by this lady as the man who had stood near her window and placed under arrest. Along the road that defendant was taken on his way to jail from the place of his identification were found at various places different pieces of the jewelry taken from the first house, and also a pipe which belonged at the house at which he was identified, and when he was searched there was discovered in his possession a pair of bracelets taken from the first house mentioned. His manner when arrested, and when taken back to the second house for identification, all tended to contradict his explanation of finding the bracelets after he had been taken into custody, and this statement itself bore about it such inherent evidence of improbability that it tended rather to incriminate than to exculpate him. The articles of jewelry were identified beyond question as property taken from the house charged in the information to have been burglarized, and the evidence leaves no possible doubt of the guilt of the defendant. His guilt does not rest upon evidence of guilty possession alone.

The statement asked to be stricken out was made by the arresting officer, who was narrating the circumstances of the

arrest and identification in response to a question of the district attorney in the form of an invitation to "Go ahead." The matter was being stated much in detail, when the attorney for defendant said: "I wish to object to all that, it is not responsive to the question whatever." The witness then said: "Well, I arrested that man then for stealing; that is the whole subject. That man had the stuff on him, stealing from this house which we have here and proven." Counsel then moved that the remarks of the witness be stricken from the record and the witness cautioned, and was requested by the court to "put in your objection." Whereupon, he moved that the remarks of the witness be stricken out as impertinent and not responsive to any question, and specified "the remarks regarding the viciousness of the dog"—"and the appearance of the man"—and what "the man said about the building lots and houses."

The statements of the witness as to the dog were merely incidental in the narrative and harmless, and the remarks as to the "lots and houses" were reasons given by the defendant for being in the neighborhood where he was found; this explanation with his appearance when arrested were competent evidence and the court properly refused to strike out the testimony relating to them. The objection stated did not include the testimony as to "stealing" from the house, etc. The articles of jewelry were already identified by the owner and were in evidence before the jury and the language used by the witness meant no more than that the defendant had on his person the articles before the jury and therefore he took him into custody.

The testimony as to the finding of the pipe taken from the second house was not objected to, except as the objection interposed also included testimony as to the admissibility of which there was no question. In form it was: "Like to have the record show that all this line of examination is under objection," etc. "We ask that all this testimony be stricken out." Such an objection or motion in the record will not warrant this court on appeal in considering the specific exception that the evidence tended to establish a separate, independent offense. Aside from this the identification of the pipe was but a part of the identification of the defendant,

and the pipe was found along the road with the articles of jewelry taken from the house.

There is nothing in the record to justify a reversal.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.